## THE C. E. CONRAD.

## THE RHODA AND CHARLIE.

### FOSTER v. THE C. E. CONRAD and THE RHODA AND CHARLIE.[1]

(District Court, S. D. New York. May 31, 1893.)

MARITIME LIENS—UNAUTHORIZED POSSESSION OF BOAT—BREACH OF CONTRACT BY WRONGDOER—LIABILITY OF BOAT.

Where one obtained possession of boats without the owner's consent or authority, and afterwards, in his own name, entered into contracts of towage in regard to such boats, which contracts he subsequently violated, *held*, that mere possession, without right, is not even apparent legal authority, and one who deals with the wrongdoer in possession does so at his peril, and no lien against the boats was created by such breach of contract.

In Admiralty. Libel by Pell W. Foster against the C. E. Conrad and the Rhoda and Charlie to enforce lien for breach of contract. Libel dismissed.

Lamb, Osborne & Petty, for libelant.

Hyland & Zabriskie, for claimants.

BROWN, District Judge. In this case, which in some respects resembles that of Foster v. The Rosenthal, 57 Fed. Rep. 254, it appears that Hazard, the master, under a contract for the purchase of the boats, had obtained possession of them from the owner without his consent or authority, and then made in his own name the contract to carry the libelant's goods for the breach of which the libel is filed.

I doubt whether merely proceeding to Rochester with the intention of taking the libelant's salt, and on arrival there going elsewhere for a different cargo, would constitute such an entry on the performance of the contract, as would bring the case within the rule of a partial execution of the charter, sufficient to sustain a libel in rem for the breach of the contract. Aside from that, however, the uncontradicted evidence shows that Hazard had not the least authority to make any charter, or contract binding on the boats; that possession of them had never been delivered to him by the owner, nor any consent given that he should navigate them or make any contract of carriage. He had no authority real, implied, or apparent; for mere possession without right or the consent of the owner, is not even apparent legal authority. The libelant in dealing with him, dealt, therefore, at his peril. It follows that the libel must be dismissed; but as the claimant, the true owner, has obtained actual possession of the boats by means of these very libels, not previously knowing where the boats were, the libel may be dismissed without costs.

[1] Reported by E. G. Benedict, Esq., of the New York bar.